**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THELMA MORAN; DEBORAH A.
DAVIS,

        Plaintiffs-Appellants,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

        Defendant-Appellee.

No. 98-5209
(D.C. No. 97-CV-657-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Thelma Moran and Deborah Davis are a mother and daughter who appeal from the denial of their applications for a lump-sum death benefit and surviving child's insurance benefits, respectively. The applications are based on the earnings of Robert Moran, who died on August 7, 1994. Plaintiffs maintain that Thelma Moran was, under Oklahoma law, the common law wife of Robert Moran, and that, therefore, plaintiffs are entitled to benefits. The Commissioner denied plaintiffs' request initially and upon reconsideration. Plaintiffs requested a hearing before an administrative law judge (ALJ), who denied benefits. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. Plaintiffs sought judicial review of the ALJ's decision, and the district court affirmed the Commissioner's denial of benefits. Plaintiffs appeal. We reverse the district court's affirmance of the Commissioner's denial of benefits and remand for further proceedings.

Thelma and Robert Moran were married in a ceremonial marriage on December 31, 1992. They were divorced on April 6, 1994. Plaintiff maintains that, approximately two weeks after their divorce, she and Robert reconciled and they resumed living together as husband and wife until his death three and one-half months later. Plaintiff argues that, at the time of Robert Moran's death, they had established a common law marriage, and, therefore, she is entitled to benefits based on her status as widow of the insured. Deborah Davis's claim to

benefits as a stepchild hinges on the nature of her mother's relationship with Robert Moran. *See* 20 C.F.R. § 404.357.

In reviewing the Commissioner's denial of plaintiffs' requests for benefits, we must determine whether there is substantial evidence to support the decision and whether the Commissioner correctly applied the applicable legal standards. *See Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999). The social security regulations provide that the laws of the state where the insured had a permanent home, in this case Oklahoma, will apply in deciding the nature of Thelma Moran's relationship to Robert Moran and whether she is his widow. *See* 20 C.F.R. § 404.345. The regulations further provide that Thelma's relationship as the widow is established if Thelma and Robert Moran were validly married under the laws of Oklahoma at the time Robert died. *See id.* Oklahoma recognizes the validity of common law marriages. Under Oklahoma law,

> [a] common-law marriage requires competent parties, who enter the relationship by mutual agreement, exclusive of all others, consummating arrangement [sic] by cohabitation and open assumption of marital duties, and such relationship must be established by evidence that is clear and convincing.

*Mueggenborg v. Walling*, 836 P.2d 112, 113 (Okla. 1992). Because we cannot say that the ALJ applied the proper legal standard in evaluating the evidence under Oklahoma law, we must remand this case to assure that the Commissioner applies the proper legal standard.

-3-

Nowhere in the ALJ's decision does he indicate that he rejected the evidence of a common law marriage because it was not clear and convincing. He acknowledged that he should apply Oklahoma law in his determination, and he summarized the relevant factors, but he did not specify the standard of proof that was required. Further, we are unable to determine whether the ALJ applied the correct standard by examining his reasoning in discounting specific pieces of evidence. In fact, it appears that the ALJ applied different standards to different evidence, and nowhere is it evident that he used the proper standard, clear and convincing, to evaluate any of the evidence. Our review of the record and the ALJ's decision indicates that the ALJ may have held plaintiffs to a higher burden of proof than required under Oklahoma law.

In at least two places in his decision, the ALJ stated that plaintiffs did not present "conclusive" evidence of a factor necessary to show a common law marriage, and he seemed to require that other evidence be "persuasive:"

> The claimant has submitted, among other things, check copies, the funeral notice from the newspaper, copies of car titles, car loans, and doctor statements in an effort to prove that she and the wage earner were in a common-law marriage. However, these items do not provide conclusive evidence because any name can be printed on a check or car title; anyone can pay a doctor bill for whomever they please; anyone can sign loan papers; and funeral notices are usually written and submitted by family members, not based on a legal document. . . .
>
> . . . .

> . . . The evidence is not conclusive that the claimant and the wage earner were cohabitating, because statements from the wage earner's sister indicate that the wage earner was staying with her and their mother after "Robert split with Thelma" . . . . The evidence is not persuasive that the claimant and the wage earner were holding themselves out to the public as a married couple. While the claimant's family and friends appear to have thought that she and the wage earner were legally married until his death, this is not surprising in light of the claimant's testimony that they never told them about the divorce.

R. Vol. II at 14. The ALJ vacillated between requiring plaintiffs' evidence to be conclusive and persuasive, but it does not appear that he ever assessed whether plaintiffs had submitted clear and convincing evidence of a common law marriage.

Requiring clear and convincing proof is something more than requiring persuasive proof. If the ALJ had consistently held plaintiffs to a lesser standard of proof than he should have, application of the improper standard would have been harmless error because if the evidence does not meet the lesser standard, it certainly would not meet the higher standard. The ALJ did not, however, consistently require persuasive proof. He also discounted evidence because it was not conclusive. We found at least one Oklahoma case indicating that requiring that evidence be conclusive is a higher standard than requiring proof to be clear and convincing. *See In re C.G.*, 637 P.2d 66, 69 n.8 (Okla. 1981). Holding plaintiffs to a higher standard of proof than Oklahoma law requires cannot be harmless error.

In addition to his apparent confusion over the evidentiary standard, the ALJ's reasons for rejecting plaintiffs' evidence appear to reflect a failure to understand and apply the correct legal standards. The ALJ discredited plaintiffs' myriad of documentary evidence that Thelma continued to use her married name and hold herself out as married to Robert Moran, because "any name can be printed on a check or car title; anyone can pay a doctor bill for whomever they please; anyone can sign loan papers; and funeral notices are usually written and submitted by family members, not based on a legal document." R. Vol. II at 14. Under Oklahoma law, evidence of mutual agreement is one of the required elements to establish the existence of a common law marriage. It is true that anyone can put any name they choose on documents or pay medical bills for whomever they choose. The fact that Thelma chose to use the name Moran and that Robert paid medical bills incurred by Thelma's daughter, however, is certainly relevant to their mutual agreement and their representation to others that they were married, and to the extent that the ALJ did not consider that evidence relevant to those required showings, he failed to apply the proper legal standard. It also appears that the ALJ discounted certain evidence because it was not based on a "legal document." *Id.* Oklahoma law does not require that evidence submitted to show that an individual held herself out to others as married must be supported by or based on legal documents before it will be considered clear and

convincing. To the extent that the ALJ discounted evidence because it was not based on or supported by legal documents, he did not apply the proper legal standard.

We cannot say that the ALJ applied the proper legal standards in determining that Thelma Moran was not the common law wife of Robert Moran. We must, therefore, reverse the Commissioner's denial of benefits to plaintiffs. We remand this case to the district court with instructions to remand to the Commissioner to reevaluate plaintiffs' applications under the proper legal standards. REVERSED and REMANDED.

Entered for the Court

Wade Brorby
Circuit Judge